Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ONEIDA RODRÍGUEZ CARABALLO Y OMAR BRACERO RODRÍGUEZ<br><br>Recurridos<br><br>v.<br><br>FELCON AUTOMOTIVE, LLC POPULAR AUTO, LLC FORD MOTOR COMPANY, INC., FORD DEL SUR, INC.<br><br>Recurrentes | KLRA202400024 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor (DACO)<br><br>Caso número: MAY-2020-0001938<br><br>Sobre: Compraventa de vehículos de motor |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece ante nos, Felcon Automotive, Inc. h/n/c Mayagüez Ford (recurrente), y solicita la revocación de una *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACO), el 14 de diciembre de 2023, notificada el 19 del mismo mes y año. Mediante el referido dictamen, en lo pertinente, la agencia ordenó al recurrente a pagar $15,088.00, más el interés legal prevaleciente, a Oneida Rodríguez Caraballo (Rodríguez Caraballo) y a Omar Bracero Rodríguez (Bracero Rodríguez) (recurridos).

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial por academicidad.

**I**

El 14 de diciembre de 2023, notificada el 19 del mismo mes y año, el DACO emitió la *Resolución* que nos ocupa, mediante la cual ordenó al recurrente a pagar $15,088.00, más el interés legal prevaleciente, a los recurridos.[1] Ello, en un pleito administrativo sobre la compraventa de vehículo de motor, incoada por Bracero Rodríguez.

---
[1] Apéndice del recurso, págs. 1-17.

Número Identificador

SEN2024 _____

Inconforme con la referida determinación, el 18 de enero de 2024, la parte recurrente compareció ante nos y señaló los siguientes errores:

> Erró el DACO, Oficina Regional de Mayagüez, por voz de la Honorable Patricia M. Arroyo Salas, al emitir una Resolución en la que[,] entre otras cosas, impone la devolución automática de 2 años de las mensualidades del préstamo de financiamiento de auto, equivalente a $14,328.00[,] sin que se desfilase prueba de los daños sufridos, lucro cesante y tratándose de un caso de garantía[,] no así de vicios ocultos.

> Erró el DACO, Oficina Regional de Mayagüez, por voz de la Honorable Patricia M. Arroyo Salas, al emitir una Resolución en la que[,] entre otras cosas, impone la devolución automática de 2 años de las mensualidades del préstamo de financiamiento de auto, equivalente a $14,328.00[,] sin que se desfilase prueba de que Omar Bracero fue quien emitió los pagos y no la titular registral de la unidad.

> Erró el DACO, Oficina Regional de Mayagüez, por voz de la Honorable Patricia M. Arroyo Salas, al emitir una Resolución en la que[,] entre otras cosas, impone la devolución automática de 2 años de las mensualidades del préstamo de financiamiento de auto, equivalente a $14,328.00, sin considerar que el auto estuvo reparado desde mediados del 2022 y no fue hasta el mayo *[sic]* del 2023 que el Querellante accedió a recogerlo.

> Erró el DACO, Oficina Regional de Mayagüez, por voz de la Honorable Patricia M. Arroyo Salas, al emitir una Resolución en la que[,] entre otras cosas, impone la devolución automática de 2 años de las mensualidades del préstamo de financiamiento de auto, equivalente a $14,328.00, por "concepto de la morosidad en el incumplimiento del contrato de garantía", sin acreditar el estimado hecho por el técnico de DACO de $6,500.00, cantidad que Mayagüez Ford asumió como costo en piezas y labor para la reparación de la unidad.

> Erró el DACO, Oficina Regional de Mayagüez, por voz de la Honorable Patricia M. Arroyo Salas, al emitir una Resolución en la que[,] entre otras cosas, impone el pago de $760.00 por daños que presentó la unidad mientras estaba bajo la custodia del concesionario, a pesar de que no se desfiló prueba sobre la causa de la ocurrencia de esos daños y máxime cuando la mayoría de estos son por "desmerecimiento de la pintura" y/o "pintura brotada", ocasionado por el deterioro y transcurso natural del tiempo.

El 16 de febrero de 2024, Bracero Rodríguez presentó ante nos una moción, mediante la cual sostuvo que la *Resolución* recurrida no era final y firme. Argumentó que, en dicho dictamen, no se adjudicaron todos los remedios solicitados en la querella y en la vista administrativa. Además, informó que, el 12 de febrero de 2024, había solicitado ante el DACO el

relevo de dicha determinación, con el fin de que la agencia adjudicara la totalidad de sus reclamos.

Así las cosas, el 27 de febrero de 2024, el DACO instó ante esta Curia una *Moción Informativa de la Agencia Notificando Relevo de Resolución y Solicitando se Devuelva el Caso al Foro Administrativo*. Señaló que, luego de analizar la solicitud de relevo promovida por Bracero Rodríguez, dejó sin efecto la *Resolución* recurrida, conforme a la Regla 31.1 del *Reglamento de Procedimientos Adjudicativos del DACO*, Reglamento Núm. 8034 de 14 de junio de 2011. En vista de ello, solicitó la devolución del caso al foro administrativo para la continuación de los procedimientos.

En respuesta, Ford del Sur, Inc. sometió una moción en oposición. En síntesis, arguyó que el DACO erró al dejar sin efecto el dictamen recurrido, toda vez que, además de ser improcedente, la agencia carecía de jurisdicción para ello, ya que la determinación se encontraba ante la consideración de este Foro.

También en desacuerdo, Ford Motor Company, Inc. se opuso. En esencia, alegó que el mencionado relevo es improcedente por las siguientes razones: (1) al momento del relevo, el asunto se encontraba como objeto de revisión ante este Tribunal de Apelaciones, por lo que el DACO carecía de jurisdicción; (2) al momento de resolver el caso de epígrafe, el DACO contaba con todas las alegaciones referentes a los daños y a la cancelación del contrato; (3) Bracero Rodríguez optó por no presentar una solicitud de reconsideración del dictamen recurrido dentro del término aplicable. En virtud de lo anterior, solicitó que se declare la nulidad del relevo de la *Resolución* recurrida y se declare No Ha Lugar la *Moción Informativa de la Agencia Notificando Relevo de Resolución y Solicitando se Devuelva el Caso al Foro Administrativo* presentada por el DACO, por falta de jurisdicción de la agencia.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *FCPR v. ELA et al.*, supra.

**B**

Sabido es que los tribunales solo pueden resolver casos que sean justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011). El principio de

la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Conforme a dicho principio, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 279-280 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 583-584 (1958).

La doctrina de la academicidad constituye una de las manifestaciones de la justiciabilidad. *Super Asphalt v. AFI y otro*, supra. Una controversia es académica cuando los acontecimientos y cambios fácticos tornan en ficticia su solución, de tal modo que un fallo del tribunal no tendría efectos prácticos. *Amador Roberts et als. v. ELA*, 191 DPR 268, 283 (2010), citando a *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 724-725 (1980). Por tal razón, se debe evaluar los eventos anteriores, próximos y futuros, a fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. *Super Asphalt v. AFI y otro*, supra, pág. 816; *Pres. del Senado*, 148 DPR 737, 759 (1999). Cuando un tribunal determine que un caso es académico, su deber es abstenerse de considerar los méritos de ese caso, pues deja de ser justiciable y, en su consecuencia, no es apto para la intervención judicial. *Íd.* Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos. *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935-936 (1993).

Ahora bien, la doctrina de academicidad admite excepciones que operan cuando: (1) se plantea una cuestión recurrente que tienda a evadir la revisión judicial; (2) la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente; y (3) subsisten consecuencias colaterales vigentes. *Bhatia Gautier v. Gobernador*, supra, págs. 74-75; *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 983 (2011).

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, provee para solicitar la desestimación de todo recurso que haya advenido académico, así como para la desestimación *motu proprio* por esta Curia. En lo pertinente, la referida regla establece lo siguiente:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

    (1) Que el Tribunal de Apelaciones carece de jurisdicción.
    (2) Que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.
    (3) Que no se ha presentado o proseguido con diligencia o de buena fe.
    (4) Que el recurso es frívolo y surge claramente que no se ha presentado controversia sustancial o que ha sido interpuesto para demorar los procedimientos.
    (5) **Que el recurso se ha convertido en académico.**

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta regla.

[…] (Énfasis nuestro).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020). Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar la aplicabilidad de la doctrina de academicidad al caso de autos. Veamos.

Conforme surge del expediente de autos, esta Curia carece de autoridad para entender sobre los méritos de la cuestión que la parte recurrente propone en sus señalamientos de error, toda vez que la misma

no es de carácter justiciable. De los documentos sometidos ante nuestra consideración, se desprende que la parte recurrente solicitó la revisión judicial de la *Resolución* emitida por el DACO el 14 de diciembre de 2023. Al revisar la *Moción Informativa de la Agencia Notificando Relevo de Resolución y Solicitando se Devuelva el Caso al Foro Administrativo*, tomamos conocimiento del *Relevo de Resolución* emitido por el DACO el 20 de febrero de 2024, mediante el cual dejó sin efecto el dictamen recurrido y refirió el expediente del caso para una inspección del vehículo de motor objeto de la querella de epígrafe. Es decir, entre los comparecientes ya no existe una controversia real que amerite el ejercicio de nuestras funciones judiciales. Por consiguiente, resulta forzoso resolver que la controversia de autos se tornó académica, ello por no existir intereses antagónicos entre las partes que ameriten la intervención de la maquinaria judicial.

A tenor con lo antes expuesto, en ausencia de disputa legítima entre los aquí comparecientes, así como la inaplicabilidad de las excepciones a la doctrina de academicidad, resulta improcedente emitir una expresión sobre los errores señalados, toda vez que no ha de incidir sobre sus derechos.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso de revisión judicial por academicidad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones